

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ernie Pinkston SR,  )
_____  )
_____  )
_____  ) CIVIL ACTION
(Name of the plaintiff or plaintiffs)  )
  )
v.  )
City of Chicago  ) 13CV7399
Fire Department  ) JUDGE LEE
  ) MAG. JUDGE COX
_____  )
(Name of the defendant or defendants)  )

**FILED OCT 15 2013 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Ernie Pinkston SR.__ of the county of __Cook__ in the state of __Illinois__.

3. The defendant is __Chicago Fire Department__, whose street address is _____
(city) __Chicago__ (county) __Cook__ (state) __Illinois__ (ZIP) __606__
(Defendant's telephone number) (312) - __744-5000__

4. The plaintiff sought employment or was employed by the defendant at (street address)
__3510 S. Michigan__ (city) __Chicago__
(county) __Cook__ (state) __Illinois__ (ZIP code) __60653__

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) June, 20 , (year) 2011.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not / ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) January (day) 12 (year) 2012.

   (ii) ☒ the Illinois Department of Human Rights, on or about (month) January (day) 12 (year) 2012.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) January (day) 12 (year) 2012

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) July (day) 21 (year) 2013.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☒ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) July (day) 21 (year) 2013 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): _Treated unfairly and different than other people in an_

4

exempt rank. Not given the same privileges to return to work by using vacation time that was already accummulated.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Please see the attached Exhibits: (A), (B), (C)
Exhibit (A) Charge No. 2012CF2262 - EEOC No. 21BA20742
Exhibit (B) Charge No. 2012CF1930 - EEOC No. 21BA20742
Exhibit (C) Charge No. 2012CF3231

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES  ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☒ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): Rehire with full back payment of salary and make whole

with full seniority.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
Ernie Pinkston Sr.

(Plaintiff's name)
Ernie Pinkston Sr.

(Plaintiff's street address)
1313 W. 33rd St

(City) Chicago (State) IL (ZIP) 60608

(Plaintiff's telephone number) (773) - 719-9013

Date: 10-11-2013

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Ernie Pinkston<br>1313 W 33rd St<br>Chicago, IL 60608 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

(Exhibit A)

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2012-00988 | Armernola P. Smith,<br>State & Local Coordinator | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe/mjh*     **August 6, 2013**

Enclosures(s)     John P. Rowe,     *(Date Mailed)*
**District Director**

cc:

**CITY OF CHICAGO FIRE**
3510 S Michigan
Chicago, IL 60607

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

12W0218.01

AGENCY: ☒ IDHR ☐ EEOC

CHARGE NUMBER: 2012CF2262

## Illinois Department of Human Rights and EEOC

**NAME OF COMPLAINANT** (indicate Mr. Ms. Mrs.)
Mr. Ernie Pinkston

**TELEPHONE NUMBER** (include area code)
(773) 719-9013

**STREET ADDRESS**
1313 West 33rd Street

**CITY, STATE AND ZIP CODE**
Chicago, Illinois 60608

**DATE OF BIRTH**
/ /
M D YEAR

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

**NAME OF RESPONDENT**
City of Chicago-Fire Department

**NUMBER OF EMPLOYEES, MEMBERS**
15+

**TELEPHONE NUMBER** (include area code)
(312) 744-5000

**STREET ADDRESS**
3510 South Michigan Ave.

**CITY, STATE AND ZIP CODE**
Chicago, Illinois 60607

**COUNTY**
Cook

**CAUSE OF DISCRIMINATION BASED ON:**
Race

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA) LATEST (ALL)
10/31/11

☐ CONTINUING ACTION

### THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – OCTOBER 31, 2011, DUE TO MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. My work performance as a Deputy District Chief met Respondent's expectations. I was hired on February 1, 1983.

Page 1 of 2

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 10th DAY OF February, 2012.

NOTARY SIGNATURE

**NOTARY STAMP**
OFFICIAL SEAL
KRYSTAL ROGERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/16/14

X Ernie Pinkston 2/16/12
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 2/09-INT)

Charge Number: 20\_ \_F2262
Complainant: Ernie Pinkston
Page 2 of 2

3. On October 31, 2011, Robert Hoff (white), Fire Commissioner, Subjected me to unequal terms and conditions of employment when he denied me the opportunity to resign my rank as deputy district chief to become battalion chief.

4. Similarly situated employees, whose races are not black employees were not subjected to these terms and conditions of employment, they were afforded the opportunity to do what was requested.

HMS

Charge Number: 20\_ \_F2262
Complainant: Ernie Pinkston
Page 2 of 2

3

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ernie Pinkston<br>1313 W 33rd St<br>Chicago, IL 60608 | (Exhibit B) | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2012-00742 | Armernola P. Smith,<br>State & Local Coordinator | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe/mjh*        **July 15, 2013**

John P. Rowe,        (Date Mailed)
District Director

Enclosures(s)

cc:

CITY OF CHICAGO FIRE
1338 S Clinton St
Chicago, IL 60607

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. #12W0111-09 | ☒ IDHR<br>☐ EEOC | 2012CF1930 |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Mr. Ernie Pinkston | TELEPHONE NUMBER (include area code)<br>(773) 719-9013 | |
|---|---|---|
| STREET ADDRESS<br>1313 West 33rd Street | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60608 | DATE OF BIRTH<br>/ / <br>M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>City of Chicago-Fire Department | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br>(312) 744-5000 |
|---|---|---|
| STREET ADDRESS<br>1338 South Clinton Street | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60607 | COUNTY<br>Cook (031) |

| CAUSE OF DISCRIMINATION BASED ON:<br>Race    Perceived Disability | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)   LATEST (ALL)<br>                                 12/19/11<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.  ISSUE/BASIS

   DENIED OPPORTUNITY TO RETURN TO WORK FROM MEDICAL LEAVE, ON OR ABOUT DECEMBER 19, 2011, BECAUSE OF MY RACE, BLACK.

   B.  PRIMA FACIE ALLEGATIONS

   1.  My race is black.

   2.  I have satisfactorily performed my duties as a Deputy District Chief, and have been employed with Respondent since February 1, 1983.

Page 1 of 2

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 12 DAY OF January, 2012.

_Jacquelyn Turner Hamb_
NOTARY SIGNATURE

OFFICIAL SEAL
JACQUELYN TURNER HAMB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/25/13

NOTARY STAMP

X _Ernie L Pinkston_  1-12-
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 2/09-INT)                                              8

Charge Number: 20. F1930
Complainant: Ernie Pinkston
Page 2 of 2

3. On or about December 19, 2011, I was denied the opportunity to return to work from medical leave by Sylvia Tienda (non-black), Respondent's Commander. Tienda stated that I would not be allowed to return to work because I was out of sick time and I must complete an FCE (Full Capacity Evaluation) before being allowed to return to work.

4. Similarly situated employees, whose races are not black, who have returned to work from a medical leave without any restrictions, have not been restricted from returning to work.

II. A. ISSUE/BASIS

DENIED OPPORTUNITY TO RETURN TO WORK FROM MEDICAL LEAVE, ON OR ABOUT DECEMBER 19, 2011, BECAUSE OF RESPONDENT'S PERCEPTION OF A DISABLING CONDITION.

B. PRIMA FACIE ALLEGATIONS

1. I am currently employed with Respondent as a Deputy District Chief, and have been employed with Respondent since February 1, 1983.

2. I have an objective reason to believe that the Respondent erroneously perceives me to have a disability within the meaning of Section 1-103(I) of the Illinois Human Rights Act.

3. On or about December 19, 2011, I was denied the opportunity to return to work from medical leave by Sylvia Tienda, Respondent's Commander. Tienda stated that I would not be allowed to return to work because I was out of sick time and that I must complete an FCE (Full Capacity Evaluation) before being allowed to return to work.

ACF/acf

-9

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ernie Pinkston<br>1313 W 33rd Street<br>Chicago, IL 60608 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

*(EXHIBIT C)*

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2012-01647 | Armernola P. Smith,<br>State & Local Coordinator | (312) 869-8082 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe/mjh*           **August 7, 2013**

John P. Rowe,           *(Date Mailed)*
District Director

Enclosures(s)

cc:
**CITY OF CHGO FIRE**
3510 S Michigan
Chicago, IL 60653

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#12W0508.04 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2012CF3231 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Mr. Ernie Pinkston | TELEPHONE NUMBER (include area code)<br>(773) 719-9013 | |
|---|---|---|
| STREET ADDRESS<br>1313 W. 33rd Street | CITY, STATE AND ZIP CODE<br>Chicago, IL 60608 | DATE OF BIRTH<br>M  D  YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>City of Chicago Fire Department | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br>(312) 744-5000 |
|---|---|---|
| STREET ADDRESS<br>3510 S. Michigan Avenue | CITY, STATE AND ZIP CODE<br>Chicago, IL 60653 | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br>Race    Perceived Disability    Retaliation | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>04/12/2012<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS

DISCHARGE – APRIL 12, 2012, BASED ON MY RACE, BLACK

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I began my employment with Respondent in February 1983. My work performance as deputy district chief meets Respondent's legitimate expectations.

Page 1 of 2

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 8 DAY OF May, 2012.

*[Notary signature: Jacquelyn Turner Hamb]*
NOTARY SIGNATURE

OFFICIAL SEAL
JACQUELYN TURNER HAMB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 09/25/13
NOTARY STAMP

X *Ernie L. Pinkston*
SIGNATURE OF COMPLAINANT  5/8/12 DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 1/12-INT)

5

3. On April 12, 2012, I was informed by Adrianne Bryant (black), Assistant Commissioner, Personnel Division, of Respondent's decision to discharge me effective, April 12, 2012.

4. Similarly situated non-black employees are treated more favorably under similar circumstances.

II. A. ISSUE/BASIS

DISCHARGE – APRIL 12, 2012, IN RETALIATION FOR FILING PREVIOUS DISCRIMINATION CHARGES

B. PRIMA FACIE ALLEGATIONS

1. On January 11, 2012, I filed charge #2012CF1930 and on February 16, 2012, I filed charge #2012 CF2262.

2. On April 12, 2012, I was informed by Adrianne Bryant, Assistant Commissioner, Personnel Division, of Respondent's decision to discharge me effective, April 12, 2012.

3. The adverse action followed the filing of my previous charges within such a period of time as to raise an inference of retaliatory motivation.

III. A. ISSUE/BASIS

DISCHARGE – APRIL 12, 2012, DUE TO A PERCEIVED DISABILITY

B. PRIMA FACIE ALLEGATIONS

1. I began my employment with Respondent in February 1983. My work performance as deputy district chief met Respondent's legitimate expectations.

2. I have an objective reason to believe that Respondent erroneously perceives me to have a back disorder which is a disability within the meaning of Section 1-103(I) of the Illinois Human Rights Act.

3. On April 12, 2012, I was informed by Adrianne Bryant, Assistant Commissioner, Personnel Division, of Respondent's decision to discharge me effective, April 12, 2012.

MEE/JJT

DISTRICT COURT APPEAL

CFD APPEAL                           CHARGE NO.  2012CF2262
                                     EEOC NO.    21BA20742

Unequal terms and conditions of employment
Color, race, National Origin  (Exhibit A)

On October 31, 2011, Respondent conducted a telephone conference with exempt employees who wished to resign their rank into a union covered position with the purpose of being contractually allowed to retire at age 55 with union medical benefits. The evidence shows that on or about October 31, 2011, Respondent didn't allow Complainant to resign his rank because Complainant did not request to resign his rank before November 1, 2011.

The Respondent never contacted me nor did the Respondent attempt to contact me. The respondent states that they emailed me and also attempted to call me but could not show proof. No black DDC was notified or on the conference call about resigning nor did any participate in the calls.

Respondent claim that on October 31, 2011 it notified its employees via email that at 2:45 p.m. a conference call would take place concerning the age 55 requirement as outlined in Respondent's Memorandum as outlined between the City of Chicago and the Chicago Fire Fighters Union Local.

Respondent doesn't have a personal email for Complainant; nevertheless, they once again lied about contacting me. Respondent states that they sent an email to my city email that can only be accessed from a city email. I was not on duty during this time, therefore, I did not receive this email. I was off duty on medical leave with no access to city email or phones. Respondent also states that they call me on the phone. However, DDC's only carry Nextel phones when they are on duty. They don't carry phones home. Therefore, the Respondent would have had to call the Complainant personal phone, which did not take place, nor do they have records that would prove that I was contacted. The District Chiefs are the only ones that are allowed to carry phones home. Complainant didn't take advantage of the 55 years union retirement and health and medical because the city neglected to notify the Complainant.

There were no black DDC's that resigned under Hoff's administration, contrary to what the Respondent stated. There were three or four whites that took advantage of the November retirement on November 1, 2011. The Respondent continues to lie and attempts to cover up their wrongdoing and discrimination. The Complainant was never given an opportunity resign his rank into a union covered position.

There is substantial evidence that only three white DDC's and no black DDC's were allowed to take advantage of the age 55 union retirement benefits.

1

I feel I was denied these benefits because of my color, race, age and national origin.

DISTRICT COURT APPEAL

CFD APPEAL    CHARGE NO.  2012CF1930
              EEOC NO.    21BA20742

DENIED THE OPPORTUNITY TO RETURN TO WORK FROM MEDICAL LEAVE
COLOR, RACE AND NATIONAL ORIGIN (Exhibit B)

DENIED THE OPPORTUNITY TO RETURN TO WORK FROM MEDICAL LEAVE
PRECEIVED PHYSICAL DISABILITY, BACK DISORDER

Complainant states that he entered the Chicago Fire Department on February 1, 1983.

May 1, 1983, Complainant was assigned to company Engine 18 as a candidate

October, 1983 Complainant was assigned to a special unit call SQUAD ONE.

August 16, 1987 Complainant was promoted to Fire Engineer.

August 16, 1989 Complainant was promoted to Fire Lieutenant.

1998 received a BA in fire Science from SIU University, Deans List

1991 thru 1992 Complainant was a Fire Instructor at the Fire Academy.

August 16, 1993 Complainant was promoted to Fire Captain.

2002 received a Master of Arts from Governors State University, Deans List

April 16, 2000 Complainant was promoted to Battalion Chief.

August 16, 2004 Complainant was promoted to Deputy District Chief.

**Uncontested Facts:**
1. Respondent is a unit of the City of Chicago government that promotes fire safety, provides emergency care, and extinguishes fires.
2. On or about February 1, 1983, Respondent hired Complainant, race. Black, non-disabled as a Firefighter.
3. From about July 19, 2011 through December 19, 2011 Complainant's duties as a Deputy District Chief included among other duties, directing responses to fire emergencies, administrative operations of an assigned shift within a

2

CHARGE NO. 2012CF2262
EEOC NO. 21BA20742

district/division, responding to Hazardous Material incidents, and Emergency Medical Services incident citywide. The document further indicates that incumbents are required to perform all other duties as required by Respondent (Exhibits L.M).

4. From about July 19, 2011 through about December 19, 2011, Respondent granted Complainant a medical leave of absence in relation to back pain he was experiencing (Group Exhibit I).

5. From about July 19, 2011 through December 19, 2011, Sylvia Tienda ("Tienda") (non-black, non-disabled), Commissioner, requested that Complainant complete a Functional Capacity Exam ("FCE") before he could return to duty.

6. From About July 19, 2011, through about December 19, 2011, Complainant did not complete a FCE.

7. On or about December 19, 2011, Tienda denied Complainant the opportunity to return to work from medical leave.

Complainant was not on a medical leave. Complainant was off sick, which placed him on an eight hour a day duty. Complainant was on a platoon duty of 24 hours every 3rd day. Complainant was off for a herniated disk, which probably occurred on duty but wasn't claimed as a duty injury because I couldn't pin point the actual date that it occurred.

On July 19, 2011, Commander Tienda first started discriminating against Complainant by telling Complainant that he didn't no longer have any sick time and that he had to sign a resignation. Complainant talk to Commander Ignacio to correct Commander Tienda, thus, indicating that she didn't know how to calculate the sick time. Each time I came to medical, Tienda would state that I was out on sick time and requested that I had to sign retirement papers. I refused each time.
Commander Tienda informed me that I was never supose to return back to work because I never brought in a return duty statement from my knee doctor. In 2010. I tried and requested to see the Director of Personnel, Mark Edinberg approximately 4 different times, regarding Commander Tienda's behavior towards me. However, each time I was told that he wouldn't see me. During these times, I could see Mark Edinberg inside his office. However, he refused to see me.

3

CHARGE NO. 2012CF1930
EEOC NO. 21BA20742

On or about, December of 2011, I brought a return to duty statement from Dr. Pittis, who is an Internist. Dr. Pitts treated me in June through November of 2011. I was treated for the same herniated disc in 2009. The treatment in 2009 was physical therapy, which enabled me to get better and return to full duty with no restrictions. Complainant's doctor referred me to physical therapy again, which enhance my ability to return to full duty with no restrictions. Upon receiving physical therapy for about 6 to 8 weeks, I felt a lot better due to improve of back muscles. I was given a return to duty slip from Dr. Pitts with no restrictions. Complainant presented the return to duty slip to the Fire Department doctor, Dr. Marco and the Respondent's doctor stated that the Complainant's doctor couldn't treat the Complainant because the Complainant doctor wasn't an orthopedic doctor. The Respondent doctor stated that I had to see an orthopedic doctor before I could return to duty.

Commandeer Tienda stated once again, that I needed to sign retirement papers because my sick time had expired, thus requesting narratives from all of my doctors Additionally requesting information from doctors that I hadn't seen in 2011. She forced me to get a statement from my knee doctor although I hadn't seem him since 2009, due to a knee problem. I was also forced to get a narrative from my cardio doctor before consideraton of returning to duty. I brought in narratives that were requested from each of the doctors and was told by Commander Tienda again that I have to sign retirement papers because my sick time would be up before I would be able to return to duty. Additionally, I was told that I had to take the FCE before returning to duty. Commander Tienda continue to talk disrespectfully to the Complainant, although, the Complainant out ranked her. The Complainant complied too the Respondent's requests and still wasn't allowed to return to duty.

Commander Tienda stated that I was finish with medical and do not come back to medical because we are finished with you. I was never given a chance to take the FCE, which was a common practice to take if you were on a non duty injury for one year or on a duty injury for six months. The Respondent has changed the rules to discriminate against me. The Respondent never contacted me in order to schedule the FCE test or to provide guidance in order to take the test. I attempted to see the Director of Personnel, Mark Edinberg without any success, once again. The Respondent took me off the payroll, on stating that I was out of sick time on December 22, 2011. Nevertheless, I had 40 plus days of vacation time left, which could have been used during the sick leave to give me an opportunity to return to duty. As a common practice, the respondent will exhaust all vacation time before taking an employee off of the payroll. I was not afforded this opportunity. The Respondent still owes me 40 plus days of vacation time.

I received a letter in April of 2012, which stated that I was terminated for being awoll. The Respondent stated that they had sent me a letter via, United States Postal

4

Office mail, along with a Certified letter in March of 2012 that stated that I needed to retire, resign or take a leave of absence. I informed the Respondent that I never received the letter.

I informed the Respondent," If you are going to terminate one of you best DDCs' you should have assured that the Complainant had received the termination letter, so that the Complainant could respond to your request." The Respondent can not provide evidence that would show proof that a letter was delivered nor proof of a certified letter being delivered, which would requires my signature.

CHARGE NO. 2012CF1930<br>EEOC NO. 21BA20742

Complainant states that he had no problem taking the FCE but wasn't given the opportunity to do so. The Respondent didn't contact the Complainant until the Complainant received a letter of termination in April of 2012.

I feel I was denied this benefit because of my color, race and national origin.

**RETALIATION** (Exhibit C)
DISCHARGED-APRIL 12, 2012 BASED ON MY RACE      CHARGE NO. 2012CF3231

On January 11, 2012, I filed charge #2012CF1930 and on February 12, 2012 I filed charge #2012CF2262.

On April 12, 2012, I was informed by Respondent that I was being discharged effective, April 12, 2012.

I was never given any warnings or consideration to return to duty. The adverse action followed the filing of my previous charges within such a period of time as to raise an inference of retaliatory motivation. No DDC has ever been terminated without being notified and given an opportunity to return to duty. I wasn't contacted by the Respondent after being removed from the payroll on December 22, of 2011.